IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN LUIS LEONOR, | ) | Case No. 4:07CV3139 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner has previously been given leave to proceed in forma pauperis. (Filing 8.) The court has conducted an initial review of the habeas corpus petition (filing 1) to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court. The petitioner has made one claim.

Condensed and summarized for clarity, the claim asserted by the petitioner is:

Claim One: The petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* petitioner's trial counsel failed to investigate and present "exculpatory testimony" of a witness and failed to present evidence at trial regarding the "motivation" of the "main witness" *and because* petitioner's trial counsel did not object to "prejudicial remarks" made by witnesses and the State's attorney or require that closing arguments be made on the record.

Liberally construed, the court preliminarily decides that this claim is potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of this claim or any defenses to it or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

The petitioner seeks the appointment of counsel.  (Filing 1 ¶ 34.)  "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  As a general rule, counsel will not be appointed *unless* the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See*, *e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.)  In short, there is no need for the appointment of counsel at this time.

Accordingly,

IT IS ORDERED that:

(1)   Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that the following claim is potentially cognizable in federal court: the claim described in the body of this memorandum.

(2)   Petitioner's request for the appointment of counsel (filing 1 ¶ 34) is denied without prejudice to reassertion.

(3)   The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

(4)   By October 1, 2007, the respondents shall file a motion for summary judgment or an answer.  The Clerk of the court is

directed to set a pro se case management deadline in this case using the following text: summary judgment or answer deadline expires October 1, 2007.

(5) If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner.

   D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

   E. No later that 15 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

  F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions **including the release of the petitioner.**

(6) If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

  A. The answer shall be accompanied by a separate brief. The answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

  B. The answer shall be supported by <u>all</u> state court records. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in separate filing entitled: "Designation of State Court Records In Support of Answer."

    C.    Copies of the answer, the designation, **including state court records**, and the respondent's brief shall be served upon the petitioner.

    D.    No later than 30 days following the filing of the answer, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later that 15 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

(7) No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

August 17, 2007.        BY THE COURT:

                                        *s/Joseph F. Bataillon*
                                        United States District Judge