IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN LUIS LEONOR, | ) | Case No. 4:07CV3139 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's motion for summary judgment. (Filing No. 13.) In support of his motion, Respondent filed a brief and relevant state court records. (Filing Nos. 12 and 14.) On October 10, 2007, Petitioner Juan Luis Leonor ("Leonor") filed his opposition to Respondent's motion for summary judgment. (Filing No. 15.)

Liberally construing the allegations of Leonor's Petition for Writ of Habeas Corpus (the "Petition") and his opposition brief (filing nos. 1 and 15), Leonor argues that his Petition should be granted because:

1. Petitioner's trial counsel was ineffective because he failed to investigate and present "exculpatory testimony" of a witness and failed to present evidence at trial regarding the "motivation" of the "main witness."

2. Petitioner's trial counsel was ineffective because he did not object to "prejudicial remarks" made by witnesses and the State's attorney or require that closing arguments be made on the record.

## *I.* *BACKGROUND*

On February 28, 2001, following a jury trial, Leonor was found guilty of one count of First Degree Assault and one count of Use of a Deadly Weapon to Commit a Felony in Douglas County, Nebraska District Court. (Filing No. 1 at CM/ECF p. 1.) On March 6, 2001, Petitioner Leonor was sentenced to serve eight to ten years for the First Degree Assault charge and two to five years on the Use of a Deadly Weapon charge. (Filing No. 12, Attach. 2, at CM/ECF p. 5.) Leonor filed a direct appeal in the Nebraska Court of Appeals, which affirmed his conviction and sentence on December 18, 2001. (Filing No. 12, Attach. 1, at CM/ECF pp. 1-2.) Although Petitioner filed a motion for rehearing, which was denied on February 20, 2002 by the Nebraska Court of Appeals, he did not appeal the Nebraska Court of Appeals' affirmance to the Nebraska Supreme Court. (*Id.*) The Nebraska Supreme Court therefore issued the mandate to the Douglas County, Nebraska District Court on March 27, 2002. (*Id.*)

Petitioner filed a Motion for New Trial in the Douglas County, Nebraska District Court on November 25, 2002. (Filing No. 12, Attach. 4, at CM/ECF p. 2.) The Douglas County, Nebraska District Court denied the Motion for New Trial on December 4, 2002. (*Id.* at 4-5.) Leonor appealed the denial of the Motion for New Trial to the Nebraska Court of Appeals, but voluntarily dismissed his appeal on June 27, 2003. (Filing No. 12, Attach. 3, at CM/ECF p. 2.)

On December 3, 2003, Petitioner filed a Verified Motion for Post Conviction Relief ("Post Conviction Motion") in the District Court of Douglas County, Nebraska. (Filing No. 12, Attach. 6, at CM/ECF pp. 2-16.) The Douglas County, Nebraska District Court denied Leonor's Post Conviction Motion on July 19, 2005. (*Id.* at CM/ECF pp. 17-20.) Petitioner appealed the denial of his Post Conviction Motion to the Nebraska Court of Appeals and, after its afffirmance, filed a Petition for Further Review in the Nebraska Supreme Court. (Filing No. 12, Attach. 5, at

CM/ECF p. 2.) The Nebraska Supreme Court overruled the Petition for Further Review on May 9, 2007. (*Id.*)

On May 29, 2007, Leonor filed his Petition in this court. (Filing No. 1.) Respondent thereafter filed a motion for summary judgment and supporting documents. (Filing Nos. 12-14.) In his motion, Respondent argues that Leonor's Petition is barred by the relevant statute of limitations. (Filing Nos. 13 and 14.) In opposition, Leonor argues that his Petition is timely, primarily because he is entitled to the 90-day period allotted for filing a petition for a writ of certiorari. (Filing No. 15 at CM/ECF pp. 1-2.)

## *II.     ANALYSIS*.

### **A.     Applicable Legal Standards Regarding the Statute of Limitations.**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In particular, the AEDPA states:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

-3-

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Therefore, absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

A judgment is final, "for these purposes, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari." *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (internal citations and quotations omitted). The United States Supreme Court requires that a petition for writ of certiorari be filed within "ninety days from the date of entry of judgment in a state court of last resort." *Id.*; *see also* Sup. Ct. R. 13(1). The calculation of the 90-day period runs from the date of entry of the judgment for which the writ of certiorari is sought, "and not from the issuance date of the mandate." Sup. Ct. R. 13(3). As recently set forth by the Eighth Circuit, a petitioner under 28 U.S.C. § 2244(d) is entitled to "the benefit of the ninety-day period for seeking a writ of certiorari" even if he does not seek further review from the applicable state's highest court. *Pierson v. Dormire*, 484 F.3d 486, 489-90 (8th Cir. 2007).

Further, in calculating the one-year period under the AEDPA, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts." *Painter v. Iowa*, 247 F.3d 1255, 2356 (8th Cir. 2001). Stated another way, while the federal statute of limitations is tolled while an application for post-conviction relief is pending, the statute of limitations is not tolled during the period *after* the conclusion of direct review and *before* commencement of state post-conviction proceedings. *Id.*; *see also Curtiss*, 338 F.3d at 853-55.

### B.  *Pierson v. Dormire* **and the Additional 90-Day Tolling Period.**

Here, the parties agree that Leonor's Motion for New Trial and Post Conviction Motion tolled the one-year statute of limitations for filing his Petition. (Filing No. 14 at CM/ECF p. 4; Filing No. 15 at CM/ECF pp. 1-2.) However, the parties disagree regarding whether Leonor is entitled to the benefit of the 90-day period in which he could have sought a writ of certiorari from the United States Supreme Court. Respondent argues that Leonor is not entitled to the benefit of the 90-day period because he did not seek further review "by *a state court of last resort*." (Filing No. 14 at CM/ECF p. 4, emphasis in original.) Petitioner, citing *Pierson*,[1] argues that he is entitled to the additional 90 days despite the fact that he did not seek further review of his conviction and sentence in his direct appeal. (Filing No. 15 at CM/ECF pp. 1-2.)

The court has carefully reviewed the record and applicable case law, including *Pierson*. The situation in *Pierson* was nearly identical to the situation here. In that case, the petitioner filed a direct appeal of his conviction to the Missouri Court of Appeals, which affirmed his conviction. *Pierson*, 484 F.3d at 488. Although he had

---

[1]Respondent does not cite, or address in any respect, *Pierson* or any case on which the *Pierson* decision is based.

15 days in which to do so, the petitioner did not seek further review (in the form of a "motion to transfer") by the Missouri Supreme Court, nor did he file a motion for rehearing in the Missouri Court of Appeals. *Id.* The petitioner did not file a petition for writ of certiorari in the United States Supreme Court. *Id.* The certified issue before the Eighth Circuit was whether the petitioner was "entitled to the benefit of the ninety-day period for seeking a writ of certiorari from the United States Supreme Court even though he did not seek transfer to the Missouri Supreme Court." *Id.* at 489. If the petitioner was entitled to the additional 90 days, his petition for writ of habeas corpus was timely. If he was not entitled to this benefit, his petition was untimely. *Id.* at 490.

Recognizing the split in the Circuits regarding this issue, the Eighth Circuit relied on its previous *en banc* decision in *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999). *Nichols* held that the petitioner was entitled to an additional 90 days even though he "did not file a motion for transfer to the Missouri Supreme Court, and the Missouri Court of Appeals was the last court to hear his case on direct review." *Pierson*, 484 F.3d at 495 (citations and quotations omitted). Moreover, in calculating the limitations period, the court held that the additional 90 days "runs from the date of entry of judgment of the state court of appeals" not from the "issuance date of the mandate." *Id.* Summarized, the Eighth Circuit held that a "Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not filed a motion for transfer to the Missouri Supreme Court." *Id.*

Here, as in *Pierson*, if Leonor is entitled to an additional 90 days, his Petition is timely. If not, his Petition is untimely. Applying *Pierson*, the court finds that Leonor is entitled to an additional 90 days and his Petition is therefore timely. Although the Nebraska statute is worded slightly differently than Missouri's, there

is no question that the Nebraska Supreme Court is a "discretionary" state court[2] and that Leonor could have sought a petition for further review within 30 days of the Nebraska Court of Appeals' denial of the motion for rehearing. *See generally, Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) ("Nebraska court rules provide for discretionary review in the Nebraska Supreme Court of decisions by the Nebraska Court of Appeals. . . . A petition for further review must be filed within 30 days after the Court of Appeals' opinion []." The court sees no reason to treat a Nebraska state prisoner differently than a Missouri state prisoner where those prisoners are seeking review of their Petitions pursuant to 2244(d)(1)(A) and under nearly-identical circumstances.

To be clear, giving Leonor the benefit of an additional 90 days, 349 days elapsed between "the date on which the judgment became final" and the date his Petition was filed in this court. Specifically, Leonor's direct appeal was final with the Nebraska Court of Appeals denial of motion for rehearing on February 20, 2002. Adding 90 days, the judgment was final for 2244(d)(1)(A) purposes on May 21, 2002. On November 25, 2002, Leonor filed his Motion for New Trial, which the parties agree tolled the limitations period. The "clock" re-started on June 27, 2003 when Leonor voluntarily dismissed his appeal regarding his Motion for New Trial. On December 3, 2003, Leonor filed his Post Conviction Motion, again tolling the limitations period. The Nebraska Supreme Court ruled on the Post Conviction Motion on May 9, 2007. Again, giving Leonor the benefit of an additional 90 days, the "clock" stopped until August 7, 2007. However, Leonor filed his Petition in this court on May 29, 2007.

---

[2]This is the language used by the Seventh Circuit, recognized by the Eighth Circuit as a Circuit which allows the benefit of an additional 90 days. *Pierson*, 484 F.3d at 494.

Between May 21, 2002 and November 25, 2002, 190 days elapsed.[3] Between June 27, 2003 and December 3, 2003, 159 days elapsed. No additional time elapsed between December 3, 2003 and May 29, 2007. Adding 190 and 159 results in a total of 349 days, or less than one year. Leonor's Petition is therefore timely. Respondent's motion for summary judgment is denied. This matter shall proceed to the merits of Leonor's Petition as set forth below and in the court's August 17, 2007 order. (Filing No. 10.)

IT IS THEREFORE ORDERED that:

1. Respondent Robert Houston's motion for summary judgment (filing no. 13) is denied as set forth in this memorandum and order.

2. This matter shall be progressed towards final disposition in accordance with the court's August 17, 2007 order. (Filing No. 10.) Specifically, the parties shall comply with paragraphs 5(f), 6, and 7 of that order.

3. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: January 14, 2008: Check for Respondent's answer and accompanying documents.

4. The Clerk of the court is directed to send a copy of this order and the court's August 17, 2007 order (filing no. 10) to Petitioner at his current address.

December 13, 2007.  BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[3] All of the days in this memorandum and order were counted in accordance with Federal Rule of Civil Procedure 6.