IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN LUIS LEONOR, | ) | Case No. 4:07CV3139 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on its own motion.  On December 13, 2007, this court entered an order denying summary judgment to Respondent and ordering further briefing on the merits of Petitioner's Petition for Writ of Habeas Corpus ("Petition").  (Filing No. 16.)  In denying the Motion for Summary Judgment, and determining that the Petition was timely filed, the court relied on *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999) and its progeny.

On August 8, 2007, the Eighth Circuit issued an opinion in *Riddle v. Kemna*, No. 06-2542, 2008 WL 927618 (8th Cir. Aug. 8, 2008).  In *Riddle*, the court abrogated *Nichols* and held that where a petitioner does not seek review from the "court of last resort," he is not entitled to the additional 90-day tolling period for seeking a writ of certiorari. *Id.* at \*4-5.  In light of *Riddle*, Leonor's Petition was not timely filed, and the court intends to reconsider its December 13, 2007 Memorandum and Order.

Although Leonor's Petition was not timely filed, as in *Riddle*, Leonor may be entitled to equitable tolling.  However, for equitable tolling to apply, Leonor must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at \*6-7.  As a matter of law, "the abrogation of an en banc precedent is an extraordinary circumstance, external to [the

petitioner] and not attributable to him." *Id.* at *6. Thus, Leonor has satisfied the second element for equitable tolling. However, Leonor must also "establish that he has been pursuing his rights diligently but was lulled into inaction, justifying equitable tolling of the AEDPA statute of limitations." *Id.* at *7. The record before the court is silent on this issue and further briefing regarding equitable tolling is therefore necessary to resolve the issue.

IT IS THEREFORE ORDERED that:

1.      Petitioner shall have until May 15, 2008 in which to file a brief regarding equitable tolling. In particular, Petitioner shall inform the court regarding the diligence with which he has pursued his habeas corpus Petition and whether he was "lulled into inaction."

2.      Respondent shall then have 30 days in which to file a response to Petitioner's brief regarding equitable tolling.

3.      The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: June 15, 2008: Briefing on *Riddle* question complete.

April 15, 2008.                          BY THE COURT:


                                         s/ Joseph F. Bataillon
                                         Chief United States District Judge