IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN LUIS LEONOR, | ) | 4:07CV3139 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed a Brief on the merits of the Petition (filing no. 22) and relevant State Court Records. (Filing Nos. 12 and 20.) Petitioner Juan Luis Leonor ("Leonor"), filed a Brief in support of the Petition. (Filing No. 24.)

Liberally construing the allegations of Leonor's Petition, Leonor argues that his Petition should be granted for three reasons:

1. Petitioner's trial counsel was ineffective because he failed to investigate and present "exculpatory testimony" of a witness, Gary Ortiz ("Claim One");

2. Petitioner's trial counsel was ineffective because he failed to present evidence at trial regarding the "motivation" of the "main witness," Valerie Green ("Claim Two"); and

3. Petitioner's trial counsel was ineffective because he did not object to "prejudicial remarks" made by witnesses and the State's attorney or require that closing arguments be made on the record ("Claim Three").

(Filing No. 1 at CM/ECF pp. 3-14.)

## I. BACKGROUND

### A. Leonor's Conviction and Direct Appeal

On February 28, 2001, following a jury trial, Leonor was found guilty of one count of First Degree Assault and one count of Use of a Deadly Weapon to Commit a Felony in the Douglas County, Nebraska District Court. (Filing No. 1 at CM/ECF p. 1.) On March 6, 2001, Leonor was sentenced to serve eight to ten years for the First Degree Assault charge and two to five years on the Use of a Deadly Weapon charge. (Filing No. 12-3, Attach. 2, at CM/ECF p. 5.) Leonor filed a direct appeal in the Nebraska Court of Appeals, which affirmed his conviction and sentence on December 18, 2001. (Filing No. 12-2, Attach. 1, at CM/ECF pp. 1-2.) Although Petitioner filed a motion for rehearing, which was denied on February 20, 2002 by the Nebraska Court of Appeals, he did not appeal the Nebraska Court of Appeals' affirmance to the Nebraska Supreme Court. (*Id.*) The Nebraska Supreme Court therefore issued the mandate to the Douglas County, Nebraska District Court on March 27, 2002. (*Id.*)

Petitioner filed a Motion for New Trial in the Douglas County, Nebraska District Court on November 25, 2002. (Filing No. 12-5, Attach. 4, at CM/ECF p. 2.) The Douglas County, Nebraska District Court denied the Motion for New Trial on December 4, 2002. (*Id.* at 4-5.) Leonor appealed the denial of the Motion for New Trial to the Nebraska Court of Appeals, but voluntarily dismissed his appeal on June 27, 2003. (Filing No. 12-4, Attach. 3, at CM/ECF p. 2.)

### B. Leonor's Post Conviction Motion

On December 3, 2003, Petitioner filed a Verified Motion for Post Conviction Relief ("Post Conviction Motion") in the District Court of Douglas County, Nebraska. (Filing No. 12-7, Attach. 6, at CM/ECF pp. 2-16.) In his Post Conviction Motion, Leonor raised Claims One, Two, and Three. (*Id.*) After an evidentiary hearing, the Douglas County, Nebraska District Court denied Leonor's Post Conviction Motion in a detailed opinion. (*Id.* at CM/ECF pp. 17-20.) Regarding Claim One, the Douglas County, Nebraska District Judge stated that Leonor's trial counsel was not ineffective because there was no "evidence that Ortiz provided the police with any definitive information on this shooting." (*Id.* at CM/ECF p. 19.) Further, Leonor's trial counsel had experience with Ortiz and determined "that there was nothing useful to [Leonor] that Ortiz could provide" in his case. (*Id.* at CM/ECF p. 20.)

On Claim Two, the Douglas County, Nebraska District Judge found that Leonor's trial counsel adequately explored Valerie Green's motivation to testify against Leonor in front of the jury. (*Id.* at CM/ECF p. 19.) The District Judge stated that "[t]he cross examination on Green's motivation for testifying was sharp, pointed, and thorough." (*Id.* at CM/ECF p. 19.) As for Claim Three, the District Judge found that "[t]he record discloses no ineffectiveness on the part of trial counsel" for failing to object during closing arguments. (*Id.* at CM/ECF p. 18.) Thus, Leonor was not entitled to post conviction relief, and the Post Conviction Motion was denied in its entirety.

### C. Leonor's Post Conviction Appeal

Leonor appealed the denial of his Post Conviction Motion to the Nebraska Court of Appeals. (Filing No. 12-6, Attach. 5, at CM/ECF p. 2.) On April 4, 2007, the Nebraska Court of Appeals affirmed the Douglas County, Nebraska District

Court, issuing a memorandum opinion. (Filing No. 20-15, Attach. 14, at CM/ECF pp. 1-11.) In its opinion, the Nebraska Court of Appeals addressed all three of Leonor's Claims in detail. With regard to Claim One, the Court of Appeals held that:

> Based on the fact that [Leonor's trial counsel] Troia reviewed Ortiz' statement to the police, watched the videotape of Ortiz' interview with the police, and was one of the attorneys representing Leonor in a homicide case where Ortiz was a witness, Troia's decision not to call Ortiz as a witness in this case was a reasonable strategic decision. Given the lack of evidence showing the substance of Ortiz' testimony had Ortiz . . . been called to testify as a defense witness, Leonor fails to establish prejudice from the absence of Ortiz as a witness. In the absence of any showing of deficient performance, and the lack of a showing of prejudice regarding Ortiz as a witness in this case, this assignment of error is without merit.

(*Id.* at CM/ECF p. 8.)

The Court of Appeals also denied relief on Claim Two, stating:

> Leonor neither alleges nor proves any facts that his trial counsel, Troia, could have used to properly cross-examine and impeach Green. . . . Because Leonor's trial counsel cross-examined Green regarding her motive for testifying, and there is no evidence supporting Leonor's allegation that Green was not properly impeached, Leonor has failed to show that trial counsel performed deficiently. This assignment of error is without merit.

(*Id.* at CM/ECF p. 9.) Likewise, with respect to Claim Three:

> Troia testified that [the prosecutor] McKenny did not make any remarks on matters that were unsupported by the evidence. Troia testified that he was listening for any reference to other shootings because of a concern during the trial that information would leak out about Leonor

> being convicted of murder, but that McKenny never "cross[ed] the line" or said something improperly prejudicial. There is no evidence in the record that McKenny's statements were improper and thus Troia could not be ineffective in failing to object to such alleged statements. Leonor has failed to establish deficient performance or prejudice as a result of his trial counsel's performance.

(*Id.* at CM/ECF p. 11.) After the Court of Appeals affirmance, Leonor filed a Petition for Further Review in the Nebraska Supreme Court. (Filing No. 12-6, Attach. 5, at CM/ECF p. 2.) The Nebraska Supreme Court overruled the Petition for Further Review on May 9, 2007. (*Id.*) On May 29, 2007, Leonor filed his Petition in this court. (Filing No. 1.)

## II. STANDARD OF REVIEW

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary

to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

### III.    ANALYSIS

#### A.    Statute of Limitations

On December 13, 2007, the court denied Respondent's Motion for Summary Judgment, finding that Leonor had filed his Petition within the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). (Filing No. 16.) However, several months later, the Eighth Circuit issued an opinion which reopened the issue. *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008). In light of *Riddle*, the court determined that Leonor's Petition was not timely filed, but the court permitted the parties to brief the issue of whether Leonor was entitled to equitable tolling. (Filing No. 31.)

For equitable tolling to apply, Leonor must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Riddle*, 523 F.3d at 857. As a matter of law, "the abrogation of an en banc precedent is an extraordinary circumstance, external to [the petitioner] and not

attributable to him." *Id.* Thus, Leonor has satisfied the second element for equitable tolling. However, Leonor must also "establish that he has been pursuing his rights diligently but was lulled into inaction, justifying equitable tolling of the AEDPA statute of limitations." *Id.* at 857-58.

The statute of limitations question is a difficult one. Leonor has submitted voluminous documentation regarding his attempts to diligently and actively pursue his rights. (Filing No. 34.) However, Respondent points out that there are several lengthy periods of time in which Leonor did nothing. (Filing No. 36.) Because the question is close, and because of the unique situation precipitated by the *Riddle* decision, the court will permit equitable tolling of the statute of limitations. The court therefore addresses the merits of the Petition.

### B.     The Merits of Petitioner's Claims

Leonor argues that his trial counsel was ineffective for three separate reasons. A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In particular, *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d

363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

For his Claim One, Leonor argues that his attorney was ineffective because he failed to investigate and present the "exculpatory" testimony of a witness, Gary Ortiz. Citing both *Strickland* and Nebraska state cases adopting *Strickland*, the Nebraska Court of Appeals applied the *Strickland* standard to Petitioner's Claim One and denied relief on that Claim. (Filing No. 20-15, Attach. 14, at CM/ECF pp. 5-8.) As set forth above, the Court of Appeals determined that Leonor's trial counsel was not ineffective, basing its decision "on the fact that [Leonor's trial counsel] Troia reviewed Ortiz' statement to the police, watched the videotape of Ortiz' interview with the police, and was one of the attorneys representing Leonor in a homicide case where Ortiz was a witness." (*Id.* at CM/ECF p. 8.) Therefore, the Court of Appeals found that Leonor's trial counsel made a "reasonable strategic decision," and under *Strickland*, Leonor's trial counsel was not ineffective. (*Id.*)

The Court of Appeals reached the same result on Claims Two and Three. Again applying *Strickland*, the Court of Appeals specifically found on Claim Two that, because "Leonor's trial counsel cross-examined Green regarding her motive for testifying, and there is no evidence supporting Leonor's allegation that Green was not properly impeached, Leonor has failed to show that trial counsel performed deficiently." (*Id.* at CM/ECF p. 9.) Regarding Claim Three, there was no "evidence in the record that [the prosecutor's] statements were improper and thus Troia could not be ineffective in failing to object to such alleged statements." (*Id.* at CM/ECF p. 11.) In short, the Court of Appeals, applying the *Strickland* standards, found that Leonor "failed to establish deficient performance or prejudice as a result of his trial

counsel's performance." (*Id.*) Rather, Leonor's trial counsel simply made "reasonable strategic decision[s]." (*Id.*)

As set forth above, the court must grant substantial deference to the Nebraska Court of Appeals' decision. The court has carefully reviewed the record and finds that the Nebraska Court of Appeals' decision is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner has not submitted any evidence, let alone clear and convincing evidence, that the Nebraska Court of Appeals was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted here because the Nebraska Court of Appeals correctly applied *Strickland* and other Supreme Court holdings. In light of these findings, all of Petitioner's Claims are dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Juan Luis Leonor's Petition for Writ of Habeas Corpus (filing no. 1) is denied with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All pending motions are denied as moot.

October 31, 2008.              BY THE COURT:

                               s/ Joseph F. Bataillon
                               Chief United States District Judge